J-S07037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY LEROY DEAN | : | |
| | : | |
| Appellant | : | No. 705 WDA 2021 |

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000258-2006

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: MARCH 8, 2022**

Jeffrey Leroy Dean (Dean) appeals from the order of the Court of Common Pleas of Venango County (PCRA court) dismissing his third petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

On November 16, 2006, a jury convicted Dean of ten counts of child pornography and one count of criminal use of a communication facility.[1] On April 27, 2007, the trial court sentenced him to an aggregate 8 ½ to 32 years' imprisonment with a consecutive 10 years of probation. Dean filed a timely direct appeal but his appellate counsel discontinued the appeal on November

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6312(d) and 7512(a).

13, 2008. *See Commonwealth v. Dean*, 922 WDA 2007. As a result, his judgment of sentence became final that day. *See* 42 Pa.C.S. § 9545(b)(3); *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) (explaining that a judgment of sentence is final for PCRA purposes on the date that a defendant discontinues his direct appeal).

On April 16, 2021, Dean filed this *pro se* PCRA petition, his third.[2] Recognizing that his petition was untimely, Dean attempted to invoke the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(iii). In so doing, Dean relied on *Missouri v. Frye*, 566 U.S 134 (2012), which held "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id*. at 145. Dean, however, failed to plead any facts that would explain how *Frye* would be applicable to his case.

The PCRA court dismissed the petition as untimely. First, the PCRA court observed that any petition, "invoking an exception provided in [§ 9545(b)(1)] shall be filed within one year of the date the claim could have been presented." Order of Court, 5/7/21, at 2 (unpaginated) (quoting 42 Pa.C.S. § 9545(b)(2)). Because *Frye* was decided on March 21, 2012, Dean's petition was filed too

---

[2] Dean's first PCRA petition was filed on February 24, 2011, and eventually dismissed on December 23, 2014. On July 16, 2018, he filed a "Brief in Support of Restoration of Appellate Right," which the PCRA court treated as a post-conviction petition and dismissed the next day.

late "to benefit from whatever **Frye** may have had to offer." **Id**. In any event, the PCRA court noted that **Frye** did not announce a new constitutional right allowing a PCRA petitioner to invoke the exception under § 9545(b)(1)(iii). **Id**. n.2. Accordingly, the PCRA court dismissed the petition without hearing, following which Dean then filed this appeal.

As to the PCRA's jurisdictional time-bar,[3] "[a] PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); **see also** 42 Pa.C.S. § 9545(b)(1). [A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements

_____

[3] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." **Commonwealth v. Brown**, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

As discussed, Dean's judgment of sentence became final in 2008 after his counsel discontinued his direct appeal. 42 Pa.C.S. § 9545(b)(3). Because he filed this petition on April 16, 2021, Dean's petition is facially untimely and he, thus, must plead and prove one of the exceptions to the PCRA s timeliness requirements.

> There are three exceptions to the PCRA's jurisdictional time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, the petition invoking the claimed exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

On appeal, Dean does not address the timeliness of his petition or the PCRA court's determination that the timeliness exception under § 9545(b)(1)(iii) did not apply. Instead, Dean discusses the merits of his issues as if he pled and proved a timeliness exception. Because Dean does

not even address the timeliness issue, necessarily, we hold that he does not fall within any of the exceptions to the PCRA's one-year jurisdictional time-bar exceptions.

Regardless, besides Dean's failure to timely file his petition after *Frye*, this Court has explicitly held that *Frye* did not create a new constitutional right. *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1277 (Pa. Super. 2013). Rather, in *Frye*, the Supreme Court "simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand[.]" *Id*. Even if we were to address the timeliness, Dean could not invoke that the newly recognized constitutional right exception applies.[4]

Order affirmed.

---

[4] Dean was not served with notice under Pa.R.Crim.P. 907 before dismissal of his petition. While Rule 907 notice is mandatory, it is well established that this Court will not remand for compliance with the rule where a PCRA petition is manifestly untimely and no exception to the PCRA's one year time-bar applies, which is the case here. *See Commonwealth v. Lawson*, 90 A.3d 1, 5-6 (Pa. Super. 2014) (where the PCRA petition is untimely, the failure to provide Rule 907 notice is not reversible error) (citations omitted). Moreover, Dean has not raised the issue on appeal, so he waived any defect in notice. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   03/08/2022